MARION v ATTORNEY GRIEVANCE COMMISSION, No. 152467.

MCNULTY v ATTORNEY GRIEVANCE COMMISSION, No. 152556.

MOTLEY v ATTORNEY GRIEVANCE COMMISSION, No. 152593.

REID v ATTORNEY GRIEVANCE COMMISSION, No. 152649.

BURGESS v ATTORNEY GRIEVANCE COMMISSION, No. 152797.

*Reconsideration Denied March 29, 2016:*

PEOPLE v CARROLL, No. 151066; Court of Appeals No. 317174. Leave to appeal denied at 498 Mich 884.

GRONINGER v DEPARTMENT OF ENVIRONMENTAL QUALITY, No. 151179; Court of Appeals No. 318380. Leave to appeal denied at 498 Mich 884.

PEOPLE v FLINT, No. 151189; Court of Appeals No. 321213. Leave to appeal denied at 498 Mich 884.

*Summary Disposition March 30, 2016:*

*In re* APPLICATION OF CONSUMERS ENERGY COMPANY, No. 150395; reported below 307 Mich App 32. On January 13, 2016, the Court heard oral argument on the application for leave to appeal the September 25, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we affirm on alternate grounds the result reached by the Court of Appeals in affirming the Michigan Public Service Commission's (MPSC) determination that the appellant was not allowed to recover the cost of purchasing $NO_x$ allowances. The exception to the $1 million recovery limit provided in MCL 460.6a(8) applies to "costs that are incurred due to changes in federal or state environmental laws or regulations that are implemented" after the effective date of the statute, which was October 6, 2008. Here, the MPSC correctly concluded that no change in state law took place after October 6, 2008, because no statute was enacted and no rule was promulgated after that date. Because there had been no change in the law, the exception to the recovery limit was simply inapplicable. We therefore vacate that part of the Court of Appeals judgment in Docket No. 305066 regarding the meaning of the term "implemented." Given that there was no change in the law, there was no need for the panel to resolve that issue. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court.

LARSEN, J. (*dissenting*). I respectfully dissent from the Court's order in this case. I would reverse the judgment of the Court of Appeals and remand this case to the Public Service Commission for further proceedings.

MCL 460.6a(8) provides that the inflation-adjusted limit for recovery of an energy plant's fuel and variable operation and maintenance costs

does not apply to "costs that are incurred due to changes in federal or state environmental laws or regulations that are implemented after" October 6, 2008. The Court of Appeals majority erred by conflating the implementation of the nitrogen oxide regulations at issue in this case with the legal effective date of those regulations. A majority of this Court also errs by requiring the "change[] in [the] federal or state environmental law[] or regulation[]" to have occurred after October 6, 2008. Both of these readings of MCL 460.6a(8) fail to take into account that changes to regulatory and legal schemes often are put into effect over an extended period of time, and the Legislature recognized this by using the word "implemented" in MCL 460.6a(8). As a result, even though the regulations at issue here were promulgated and had a legal effective date before October 6, 2008, they were not "implemented" until 2009, when they imposed new restrictions on appellant's nitrogen oxide emissions.

VIVIANO, J., joined the statement of LARSEN, J.